## Dudurich v. Irwin

*Chase & Swope*, for plaintiff.
*W. Albert Ramey*, for defendant.

BELL, P. J., June 25, 1948.—On May 13, 1948, a writ of replevin was issued out of the prothonotary's office for a John Deere tractor and accessories. The affidavit of value fixed the value of the tractor at $800. A surety bond was filed in the amount of $1,600. A complaint in the nature of an action in assumpsit was filed the same day.

On May 17, 1948, defendant filed a petition for rule to show cause why the bond should not be stricken from the record and, on the same day, filed a counter-bond, which counterbond had the same surety company

as plaintiff's bond. Neither bond was marked approved by the prothonotary. Defendant's petition moves to strike the bond on the ground that it was not approved by the prothonotary, and that the bond was conditioned upon plaintiff maintaining his title with nothing said as to the right of possession. The counterbond was not approved by the prothonotary but does provide that defendant shall maintain his right of possession to the equipment.

On May 29, 1948, defendant also filed preliminary objections alleging that the fourth paragraph of the complaint averred that plaintiff had transferred the tractor to defendant without stating whether it was a transfer of title or a transfer of possession; that the seventh paragraph averred that the tractor remained the property of plaintiff without stating whether the title remained with plaintiff or the right to possession thereof; and that the eighth paragraph averred that the tractor had been delivered to defendant as bailee without averring the terms of any bailment contract. A more specific pleading is asked.

Defendant likewise demurred to the complaint, averring that the fourth paragraph admitted a transfer of the tractor, and the sixth paragraph averred a sale of the same for $800 with no agreement of any sale attached or any averment of any breach.

Originally, the sheriff had the duty of accepting a sufficient bond. Under section 8 of the Replevin Act of April 19, 1901, P. L. 88, it was required that the prothonotary should fix the amount of bail and approve and reject the security offered. The bond was required to be double the value of the goods. The Act of 1871 had required the sureties on the bond to be delivered to the sheriff to justify the bond before the prothonotary. This was to relieve the sheriff of his responsibility to determine whether the bond was adequate. The Act of 1901 relieved the sheriff of all responsibility.

Replevin is not an action to determine title to goods, but an action to determine the right of possession thereof. See 10 Standard Pa. Practice, §23, 486-489.

The Rules of Civil Procedure are similar to the Act of 1901 with few exceptions. As to replevin with bond, Rule 1073 of the new Rules of Civil Procedure, sec. A, clause 2, provides that there should be filed in the office of the prothonotary a præcipe for a writ of replevin together with:

"The plaintiff's bond in double the value of the property, with security approved by the prothonotary, naming the Commonwealth of Pennsylvania as obligee, conditioned that if the plaintiff fails to maintain his right of possession of the property, he shall pay to the party entitled thereto the value of the property...."

Rule 1077 provides that a counter bond may be filed with the prothonotary with no provision that the surety has to be approved by the prothonotary.

Rule 1080 provides that the court, on petition, may review the action of the prothonotary in approving or rejecting the security offered.

As the plaintiff's affidavit of value is accepted by the prothonotary, without question, the amount of the bond is determined. The conditions of the bond are substantially the same as required by the Act of 1901 with two exceptions. The Act of 1901 required that the bond be payable to the Commonwealth of Pennsylvania "for the use of the parties interested". The words "for the use of the parties interested" are eliminated in the Procedural Rules. The bond required by the Act of 1901, as well as the recommendation of the Procedural Rules Committee, required the bond to be conditional upon plaintiff maintaining his title to the goods but, in the rule as adopted, the word "title" was changed to "right of possession". See Goodrich-Amram Civil Procedure, p. 185.

As to the counterbond, it is not stated that the prothonotary must approve it. There are no appellate

court decisions so holding but there are a number of lower court opinions holding that the approval by the prothonotary of the counterbond is necessary. See 10 Standard Pa. Practice, §67, 631.

As the sufficiency of the surety, in the first instance, is to be determined by the prothonotary, and the prothonotary's action can be reviewed by the court, the mere filing of the bond with the prothonotary is not equivalent to an approval thereof. The approval of the bond is an administrative act. If it was intended that any bond could be filed and be sufficient unless an objection was filed thereto, the rule would so state. The assumption of the prothonotary's approval, by the mere acceptance of the bond for filing, does not comply with the rule, and a review by the court is not a review of the prothonotary's exercise of his discretion but a review of the prothonotary's failure to exercise the power vested there.

The petition to strike is affirmed, with the right on the part of plaintiff to file a substitute bond specifically approved by the prothonotary, and conditioned upon plaintiff maintaining a right of possession. As both bonds are with the same surety company this should not be difficult.

The motion for more specific complaint is likewise sustained, and plaintiff is directed to file an amended complaint and bond within 20 days from the date hereof—said amended complaint to aver the terms of any bailment contract and the facts and circumstances existing as to the delivery or transfer of the tractor, stating whether it is a transfer of possession or a transfer of title.

It is unnecessary to pass upon the demurrer if an amended complaint is filed. It is doubtful if the complaint is sufficient in itself to sustain a judgment for plaintiff. No action will be taken upon the demurrer until an opportunity has been given to file an amended complaint. At that time, if the amended complaint

be not sufficient the demurrer can be reinstated; or if an amended complaint is not filed as herein directed, defendant, on motion, can call the court's attention to the failure to so file and an order will be entered upon the demurrer. We will make the following

### Order

Now, June 25, 1948, the motion to strike, and motion for more specific complaint are sustained, plaintiff to file with the prothonotary a bond in an amount and with a surety specifically approved by the prothonotary; said amended bond to be filed within 20 days of the date hereof. Plaintiff is likewise directed to file an amended complaint, setting forth what is transferred and whether the physical possession of the tractor has been transferred or title thereto; to set out the details as to the agreement of sale of the tractor, if it was a sale, and if so under what right they claim to retake possession. If there was a bailment lease of the tractor the terms and conditions of said bailment lease are to be stated in brief form. Said amended complaint is to be filed within 20 days of the date hereof. Upon the filing of an amended complaint and a new bond defendant is to answer or make preliminary objections as the facts warrant. Upon failure to file an amended complaint or a satisfactory bond defendant, on motion, will be entitled to call this matter again to the court's attention, in which event an order will be entered on the demurrer.